IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN A. HUDSON, JR.,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-13-03068 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **BRENDA TRITT, et al.,** | : | |
| | : | |
| Respondents | : | |

# **M E M O R A N D U M**

Petitioner John A. Hudson, Jr., who is presently incarcerated at the State Correctional Institution in Frackville, Pennsylvania ("SCI-Frackville"), initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2254.[1] (Doc. 4.) Petitioner seeks to challenge his 2007 convictions and sentence in the Court of Common Pleas of Lackawanna County, Pennsylvania ("Lackawanna County court" or "trial court"). For the reasons set forth below, the petition will be dismissed with prejudice as untimely under 28 U.S.C. § 2244(d)(1).

---

[1] Petitioner initially filed a habeas petition in the Eastern District of Pennsylvania on July 18, 2013. (*See* Doc. 1.) Pursuant to a court order, Petitioner filed a revised petition on October 8, 2013. (Doc. 4.) Thereafter, the instant matter was transferred to this court on December 20, 2013. (*See* Doc. 10.) Thus, the court will proceed on Petitioner's claims in the amended habeas petition, but will consider the filing date of Petitioner's case to be the date the original petition was filed, or July 18, 2013.

## I.     Facts and Procedural History

On January 18, 2007, Petitioner pleaded guilty to charges of harassment by communications, *see Commonwealth v. Hudson*, CP-35-CR-0003250-2006 (C.P. Jan. 18, 2007), and a fourth offense of driving under the influence ("DUI") and driving without a license, *see Commonwealth v. Hudson*, CP-35-CR-0003256-2006 (C.P. Jan. 18, 2007), in the Lackawanna County court. (Doc. 20 ¶ 1.) On January 19, 2007, Petitioner pleaded guilty to charges of simple assault and fleeing or attempting to elude police in the same court. *Commonwealth v. Hudson*, CP-35-CR-0003254-2006 (C.P. Jan. 19, 2007). (Doc. 20 ¶ 1.) On April 18, 2007, Petitioner was sentenced on all counts to a term of imprisonment of one and one-half (1 ½) to eight (8) years. (Doc. 4 at 1.)

On April 24, 2007, Petitioner filed a timely motion for reconsideration of sentence, which was denied by the trial court on April 26, 2007. (Doc. 20 ¶ 2.) Petitioner did not file a direct appeal to the Superior Court of Pennsylvania. (*Id*.; Doc. 4.) On June 15, 2007, Petitioner filed a *pro se* petition for post conviction collateral relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), *see* 42 Pa. Cons. Stat. Ann. §§ 9541-9546. (Doc. 20 ¶ 4.) The PCRA petition was granted in part and denied in part on June 25, 2009. (*Id*.) Petitioner did not appeal that ruling. (*Id*.)

Rather, Petitioner filed a second and third PCRA petition on August 20, 2009 and January 29, 2013, respectively. (*Id.* ¶ 5.) Both petitions were denied as untimely, as they were not filed within one year of the date Petitioner's conviction became final. (*Id.*) *See* 42 Pa. Cons. Stat. Ann. § 9545(b). Petitioner did not seek further review with the any state appellate court. (*Id.*) In addition, Petitioner has not filed any subsequent challenges to his convictions and sentence prior to filing the instant petition. (*Id.*)

Petitioner filed the instant petition for writ of habeas corpus on July 18, 2013, as amended on October 8, 2013. (Doc. 4; *see supra* note 1, at 1.) The case was transferred to this court on December 20, 2013. (*See* Doc. 10.) In accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) and *Mason v. Myers*, 208 F.3d 414 (3d Cir. 2000), on December 27, 2013, the court issued a formal notice to Petitioner that he could either have the petition ruled on as filed, but lose his ability to file a second or successive petition, absent certification by the court of appeals, or withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act. (Doc. 11.) Petitioner was advised that if he did not return his Notice of Election form within 45 days, the court would rule upon his current petition as filed. (*Id.*) On

February 4, 2014, Petitioner filed his Notice of Election, indicating that he chooses to have the court rule on his petition as filed. (Doc. 15.)

On February 6, 2014, the court issued an order to show cause, directing Respondents to file a response to Petitioner's habeas petition. (Doc. 16.) In the response, *inter alia*, Respondents were to state whether any claim in the petition is barred by a failure to exhaust state court remedies, a procedural bar, non-retroactivity, or a statute of limitation. (*Id.*) Respondents filed a partial answer on February 25, 2014, arguing that the petition is not timely and that there is no basis for equitable tolling.[2] (Doc. 20.) Petitioner has not filed a traverse. Thus, the court will now consider whether the petition for writ of habeas corpus filed in this case is timely.

**II.  Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, provides, in pertinent part:

>   (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on

---

[2] Respondents have filed their partial answer as a "motion to dismiss the habeas corpus petition and motion to defer answer." (Doc. 20.) Because the partial answer has been docketed as a "motion," and for the reasons set forth in this memorandum, the court will grant Respondents' motion in the order accompanying this memorandum.

the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See* 28 U.S.C. § 2244(d)(1). A state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> * * *
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> * * *
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).

Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does

5

not become final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001). Further, the limitations period is applied on a claim-by-claim basis. *See Fielder v. Verner*, 379 F.3d 113 (3d Cir. 2004).

In the instant case, after entering the guilty pleas, Petitioner was sentenced on April 18, 2007. Petitioner's motion for reconsideration of sentence was denied by the trial court on April 26, 2007. Petitioner did not file a direct appeal. Therefore, his conviction became final on May 26, 2007.[3] *See* 42 Pa. Cons. Stat. Ann. § 9545(b)(3) ("judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"). The one-year period for the statute of limitations commenced running as of that date, and expired on May 26, 2008. Hence, the federal petition, which was filed on July 18, 2013, appears to be untimely. However, the court's analysis does not end there. Consideration of both statutory and equitable tolling must be undertaken.

---

[3] In Pennsylvania, a criminal defendant has thirty days from the date of his sentence to file a direct appeal with the Superior Court. *See* Pa. Crim. P. 720(a)(3).

### A. Statutory Tolling

Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). On June 15, 2007, Petitioner filed a PCRA petition in the Lackawanna County court. While a properly-filed PCRA petition will toll the running of AEDPA's statute of limitations, an improperly-filed PCRA petition does not have the same effect. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("'properly filed' state-court [post-conviction] petitions must be 'pending' in order to toll the limitations period. Thus, a state court petition like Tinker's that is filed following the expiration of the federal [AEDPA] limitations period cannot toll that period because there is no period remaining to be tolled.") (some internal quotations omitted), *reh'g denied*, 273 F.3d 1123 (11th Cir. 2001).

Prior to Petitioner's PCRA filing date, the federal limitations period began running on May 26, 2007, the date his conviction became final. The limitations period was then tolled on June 15, 2007, when Petitioner timely filed his PCRA petition. At this time, approximately 20 days had elapsed. On June 25, 2009, the trial court granted in part and denied in part Petitioner's PCRA petition. Petitioner did not

appeal, and therefore, statutory tolling ceased to apply and the § 2244(d)(1) filing deadline resumed thirty (30) days after the trial court's decision on the PCRA petition, or July 25, 2010. Petitioner's second and third PCRA petitions did not toll AEDPA's statute of limitations, as neither was timely filed in the trial court. *See* 42 Pa. Cons. Stat. Ann. § 9545(b); *Tinker*, 255 F.3d at 1333. Thus, the filing deadline for the instant habeas petition expired on or about July 5, 2011 (July 25, 2010 plus the 345 days remaining on the statute prior to tolling by filing of PCRA petition). Based on the foregoing, since the instant petition was not filed until July 18, 2013, it is clear that Petitioner failed to file his action within the requisite one-year statutory deadline, and the petition may be dismissed as untimely.

### B. Equitable Tolling

The federal habeas statute of limitations is subject to equitable tolling in only extraordinary circumstances. *See Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2562 (2010); *see also LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003) (quotations omitted). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1)

that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. Diguglielmo*, 544 U.S. 408, 416-17 (2005).

Extraordinary circumstances permitting equitable tolling have been found where the petitioner: (1) has been actively misled, (2) has been prevented from asserting his rights in some extraordinary way, (3) timely asserted his rights but did so in the wrong forum by mistake, *see Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999), or (4) was misled by the court as to the steps to be taken to preserve a claim. *See Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir.), *cert. denied, Diguglielmo v. Brinson*, 126 S. Ct. 473 (2005).[4]

In the petition, Petitioner admits that he did not file an appeal from the judgment of sentence or from the denial of his first and timely PCRA petition. (Doc. 4 at 2, 5.) With regard to exhaustion of his state court remedies, Petitioner asserts "I didn't know what to file, but did write letters to the court." (*Id*. at 7.) Assuming that Petitioner is seeking equitable tolling on the basis that he "didn't know what to file," it is well-settled that a habeas petitioner cannot show that his lack of education or legal knowledge is an extraordinary circumstance. *See Cross-Bey v. Gammon*, 322 F.3d

---

[4] In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. *See Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002); *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001).

1012, 1015 (8th Cir. 2003) (equitable tolling inappropriate where petitioner alleged lack of legal resources and legal knowledge); *Delaney v. Matesanz,* 264 F.3d 7, 15 (1st Cir. 2001); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (ignorance of the law does not excuse untimely filing); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (unfamiliarity with the legal process because of illiteracy does not merit equitable tolling); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) (ignorance of the law is an inadequate justification); *Massey v. Brooks*, Civ. No. 07-1567, 2007 WL 3243367, at *4 (E.D. Pa. Oct. 29, 2007) (lack of legal knowledge is not an extraordinary circumstance to merit equitable tolling); *Land v. Carroll*, 402 F. Supp. 2d 514, 518 (D.Del. 2005) (mistakes or miscalculations of the one-year limitations period made by *pro se* petitioner do not warrant equitable tolling). Based on this well-settled case law, the fact that Petitioner "didn't know what to file" is not an extraordinary circumstance permitting equitable tolling.

Even *assuming arguendo* that the court agreed with Petitioner's contention for extraordinary circumstances that would merit equitable tolling, the court nonetheless concludes that Petitioner did not exercise the requisite due diligence by allowing more than two (2) years to lapse from the time he had to appeal from the PCRA court's decision on his PCRA petition until he sought relief in this court with the filing of the

instant habeas petition. It is a well-established principle that, in order for a petitioner to claim an entitlement to equitable tolling, he must show that he "exercised reasonable diligence in . . . bringing [the] claims." *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998) (quoting *New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116, 1126 (3d Cir. 1997); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). While due diligence "does not require 'the maximum feasible diligence,' . . . it does require reasonable diligence in the circumstances." *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004). Here, Petitioner provides the court with no explanation of why his implied stated contention for extraordinary circumstances, which does not include any incapacitation on his part, would cause the 2-year absence of any efforts to seek relief from his 2007 convictions and sentence in this court. Moreover, the filing of two additional untimely PCRA petitions in the state court does not satisfy a level of "reasonable diligence" with respect to seeking equitable tolling of the time for filing a federal habeas petition. If Petitioner was not satisfied with the outcome of his first timely PCRA petition, he was free to file a timely federal habeas petition after such an outcome in state court. Instead, Petitioner decided to file a second, then third, PCRA petition. As a result, Petitioner's failure to file a timely habeas petition resulted from a strategic decision on

his part rather than an "extraordinary circumstance." Further, even if Petitioner claimed that he reasonably believed that his successive untimely PCRA petitions were "properly filed" for purposes of tolling the AEDPA limitations period, by the time Petitioner filed his second PCRA petition in 2009, the law, even before the Supreme Court definitely resolved the issue in *Pace*, was established that untimely state PCRA petitions would not be considered "properly filed" under AEDPA. *See Pace*, 544 U.S. at 413 (holding that the statute of limitations for federal habeas relief is tolled only during the pendency of "properly filed" applications for state post-conviction relief); *Morris v. Horn*, 187 F.3d 333, 338 (3d Cir. 1999) (noting that if a successive PCRA petition was dismissed as untimely, AEDPA's limitations period likely would not be tolled during its pendency, and a petitioner may be time-barred from filing a habeas petition); *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998) (noting that a "properly filed" application must be submitted according to the state's procedural requirements, including rules governing the time and place of filing). Again, "[a] petitioner seeking equitable tolling bears the burden to prove that he diligently pursued his rights and that some 'extraordinary circumstances stood in his way.'" *McAleese v. Brennan*, 483 F.3d 206, 219 (3d Cir. 2007) (quoting *Pace*, 544 U.S. at 418). Petitioner has simply not made that showing here. As a result, the court finds that because Petitioner has

not demonstrated that he exercised reasonable due diligence in bringing his habeas claims, equitable tolling of Petitioner's habeas petition is not warranted.

### III.   Conclusion

For the reasons set forth above, the court finds the petition for writ of habeas corpus (Doc. 4) is untimely.  In addition, Petitioner fails to meet any exception to the limitations period of § 2244(d)(1).  As a result, the petition will be dismissed.

Further, pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a petition under 28 U.S.C. § 2254, the district court must make a determination as to whether a certificate of appealability should issue.  3d Cir. L.A.R. 22.2.  A certificate of appealability should issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To meet this burden a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484-5 (2000) (internal citations and quotations omitted).  In the present matter, the court concludes that reasonable jurists would not debate

13

whether the court properly resolved the issues presented.  As such, a certificate of appealability will not issue.

An appropriate order will issue.

s/Sylvia H. Rambo
United States District Judge

Dated:  April 28, 2014.